JULIUS S. DRESSER, Respondent, *v.* THE BOATMEN'S FIRE AND MARINE INSURANCE COMPANY, Appellant.

*An appeal from an order denying a motion for a new trial presents nothing for review unless the grounds of the motion are stated.*

Appeal from a judgment in favor of the plaintiff, entered in Oneida county upon the verdict of a jury, and also from an order denying a motion for a new trial made therein.

The court at General Term, in reference to the appeal from the order denying the motion for a new trial, said: "The defendant's motion for a new trial presents no grounds upon which a review may proceed, as no order is presented (*Matthews* v. *Meyberg*, 63 N. Y., 656; *Dart* v. *Gillies*, 14 J. & S., 560; *Howard* v. *Hayes*, 15 id., 89; affirmed, 90 N. Y., 643), and the motion does not state the grounds upon which it was made; nothing is before us for review so far as defendant's motion for a new trial is concerned

*I. D. Garfield*, for the appellant.

*Goodwin & Swan*, for the respondent.

Opinion by Hardin, P. J.; Follett and Martin, JJ., concurred.

Judgment affirmed, with costs.

---

MARSHAL J. RIMA, Respondent, *v.* THE ROSSIE IRON WORKS, Appellant.

*Neglect to appoint a guardian* ad litem *for an infant plaintiff — power of the court during the trial to enter an order* nunc pro tunc *appointing a guardian* ad litem.

Appeal from a judgment and from an order appointing a special guardian, and from an order denying a motion upon the minutes for a new trial, entered in Jefferson county, in an action brought to recover damages for an injury resulting to the plaintiff through the alleged negligence of the defendant. After considering the evidence and deciding that the case was properly submitted to the jury, the court at General Term said: "The

only remaining question is as to the effect of this action being prosecuted down to the trial by an infant without a guardian *ad litem*. At the date of the trial, September, 1886, the plaintiff was an infant, of which fact the defendant was ignorant until September 21, 1886, when its superintendent was told that plaintiff would not become twenty-one years of age until October 3, 1886; which fact plaintiff afterwards testified to on his cross-examination. At the close of the evidence, September 25, 1886, the defendant moved for a nonsuit, and that the cause be not submitted to the jury because the action was prosecuted by an infant without a guardian, which motion was denied, and thereupon the court appointed a guardian *ad litem* for the plaintiff by an order directed to be entered, and to take effect as of a date prior to the service of the summons; and all of the papers theretofore served were directed to be appropriately amended. The defendant, by an exception to the refusal to nonsuit, and by appealing from the order, presents the question that all previous proceedings in the action were invalid, the court without jurisdiction and without power to grant the order or cure the defect *ab initio*.

"The Code of Civil Procedure (§ 469) provides: 'Before a summons is issued in the name of an infant plaintiff, a competent and responsible person must be appointed to appear as his guardian for the purpose of the action, who shall be responsible for the costs thereof.' It has been twice held under this section that the omission of the plaintiff to prosecute by guardian is not jurisdictional, but a mere irregularity, which was waived unless set up in the answer, and no cause for dismissing the complaint. (*Smart* v. *Haring*, 14 Hun, 276; *Sims* v. *The N. Y. College of Dentistry*, 35 id., 344.) The same rule was held under the old Code. (*Rutter* v. *Puckhofer*, 9 Bosw., 638; *Parks* v. *Parks*, 19 Abb., 161; *Treadwell* v. *Bruder*, 3 E. D. Smith, 596; 1 Wait's Pr., 486.) The Revised Statutes (2 R. S., 446, § 2) provided: 'Before any process shall be issued in the name of an infant, who is sole plaintiff in any suit, a competent and responsible person shall be appointed to appear as next friend for such infant in such suit, who shall be responsible for the costs thereof.' Under this section it was held that when an infant prosecuted without a guardian, the defect might be taken advantage of by plea in abatement, but not in bar, or by way of

nonsuit upon the trial. (*Fellows* v. *Niver*, 18 Wend., 563.) Such was the rule at common law. (1 Chit. Pl. [16 Am. ed.], 464; 1 Chit. Arch. Pr. [12th ed.], 1240.)

"In *Imhoff* v. *Wurtz* (9 N. Y., Civ. Pro. R., 48) an action prosecuted by an infant plaintiff was dismissed at the trial without costs, and the application for the appointment of a guardian *ad litem* was refused. In that case the County Court said there was a distinction between a case in which the plaintiff became of age before the trial, and one in which the plaintiff was not of age at the trial. It is difficult to see how the court acquired jurisdiction in one case but not in the other. *Imhoff* v. *Wurtz* is contrary to the weight of authority, and was properly disregarded by the Circuit Court, which committed no error in refusing to nonsuit or in appointing a guardian *ad litem*.

"The judgment and order are affirmed, with costs."

*Louis Hasbrouck*, for the appellant.

*D. H. McFalls*, for the respondent.

Opinion by FOLLETT, J.; HARDIN, P. J., and MARTIN, J., concurred.

Judgment and order affirmed, with costs.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, v. HUGH O'NEIL, APPELLANT.

*Judgment-roll in a criminal action — what it must state and contain.*

APPEAL from a judgment of the Cortland Oyer and Terminer convicting the defendant of arson in the first degree and sentencing him to imprisonment in the State prison for five years.

June 20, 1885, an indictment was found in the Cortland Oyer and Terminer charging defendant with arson in the third degree, under the second subdivision of section 488 of the Penal Code, in having burned, February 14, 1884, at Cortland village, a wagon factory. February 20, 1886, at the Cortland Oyer and Terminer, the defendant was convicted of the crime charged and sentenced to imprisonment in a State prison for five years. On the same day the defendant appealed, was granted a stay and let to bail. A